SWANSON, J.,
dissenting.
I respectfully dissent from the majority’s decision to reverse based on the totality of the circumstances. The face-to-face nature of the citizen’s tip, which accurately identified the appellant and was given within reasonable proximity of the appellant’s location at a nearby street corner, indicates the citizen possessed a sufficient level of reliability. See Baptiste v. State, 995 So.2d 285, 291 (Fla.2008) (stating an individual who approaches an officer to report criminal activity “falls at a higher *602 end of the reliability scale” than one who makes an anonymous phone call and that “a face-to-face tip may be viewed as more reliable because the officers who receive the tip have the opportunity to observe the demeanor and evaluate the credibility of the person offering the information”).
Deputy Murray also had sufficient corroboration of the tip to form the reasonable suspicion necessary to stop appellant. Importantly, the knowledge possessed by both Officer Allen and Deputy Murray is relevant in this determination. See Johnson v. State, 660 So.2d 648, 657 (Fla.1995) (stating “the collective knowledge of police investigating a crime is imputed to each member” of the investigation). Collectively, Officer Allen and Deputy Murray knew that the appellant appeared to have something in his hand and entered the woods after making eye contact with Officer Allen; claimed he entered the woods to relieve himself despite previously standing next to a convenience store; walked at a “nervous pace” and continually looked back; and placed his hands in his pockets as Deputy Murray approached. Additionally, I believe Deputy Murray may have been derelict in his duties had he not made contact with the appellant, considering the information he knew.
Because I believe the citizen was sufficiently reliable and the collective knowledge of Deputy Murray and Officer Allen amounted to reasonable suspicion, I would affirm the trial court’s denial of appellant’s motion to suppress.